In the Matter of the Arbitration between NADAL BAXENDALE, INC., Appellant, and EDWARD C. IANNACE, Doing Business as CARL CONSTRUCTION COMPANY, Respondent.— In a proceeding pursuant to article 84, sections 1450, 1451 of the Civil Practice Act, to compel arbitration and to stay prosecution of a pending action between the parties, the petitioner appeals from an order of the Supreme Court, Westchester County, dated July 29, 1960, denying the petition on the ground that "as matter of law * * * no agreement of arbitration had been entered into" between the parties. Order reversed, with costs, and matter remitted to Special Term for trial of the issues of fact as to the making of the agreement to arbitrate, and for further proceedings not inconsistent herewith. On October 14, 1959, petitioner, as general contractor and respondent, as the excavation subcontractor, orally agreed that respondent would do certain work for $27,300. On October 15, 1959, respondent sent petitioner a revised estimate in that sum. On October 27, 1959, petitioner confirmed the agreement of October 14 awarding the contract to respondent, stated that the purchase order covering the work would be mailed shortly, and directed respondent to proceed with the work. On November 5, 1959, respondent received petitioner's purchase order, which contained a provision for arbitration. On November 16, 1959, respondent wrote to petitioner describing the letter of October 27, not as a confirmation of the oral agreement awarding the contract, but as a letter of intent to award the contract at a future date, and demanding payment pursuant to the purchase order. A dispute having arisen, petitioner demanded arbitration. Respondent rejected such demand and thereafter instituted an action to foreclose a mechanic's lien filed by it. In our opinion, this record presents issues of fact as to: (1) whether the contract of October 14, 1959 was complete as respondent contends, or was provisional as petitioner contends; and (2) if the terms of the agreement were not finally fixed on October 14, 1959, whether the terms of the purchase order were accepted by respondent. Such issues should be resolved by trial, and not by affidavits (Civ. Prac. Act, § 1450). Nolan, P. J., Beldock and Kleinfeld, JJ., concur; Ughetta and Christ, JJ., dissent and vote to affirm, with the following memorandum: No arbitration clause was included in the agreement between the parties. The letter of October 27, 1959, signed by the petitioner, confirmed that the agreement was made as of October 14 and it directed the respondent to proceed with all speed in the work. This he did. Not until November 5, 1959, when respondent received the purchase order dated October 22, 1959, was the subject of an arbitration clause introduced. Then for the first time, as a

printed part of such order, did it appear that the petitioner sought to include the general conditions of the A. I. A. (American Institute of Architects) form of contract which contains an arbitration provision. By then the agreement had already been made, and in reliance upon it the respondent had gone to work.